1

2

3

4

5

6

7

8                                    **UNITED STATES DISTRICT COURT**

9                                    **SOUTHERN DISTRICT OF CALIFORNIA**

10

11      RAYMOND JENKINS,                                    Civil No.    07cv0871 BEN (PCL)

12                                    Petitioner,

13                     v.                                   **ORDER DENYING REQUEST TO**
                                                            **PROCEED IN FORMA PAUPERIS AND**
                                                            **DISMISSING CASE**
14      BARSTOW,                                            **WITHOUT PREJUDICE**

                                      Respondent.
15

16          On May 11, 2007, Petitioner, a state prisoner proceeding pro se, filed a Petition for Writ

17   of Habeas Corpus pursuant to 28 U.S.C. § 2254.  On June 14, 2007, the Court dismissed the

18   Petition because Petitioner failed to satisfy the filing fee requirement, failed to name a proper

19   respondent and failed to state cognizable claims for relief.  The Court informed Petitioner, that

20   in order to have his case reopened, he would have to (1) either pay the filing fee or provide

21   adequate proof of his inability to pay <u>and</u> (2) file a First Amended Petition which cured the

22   pleading deficiencies outlined in its June 14, 2007 Order, no later than July 23, 2007.

23          On June 20, 2007, Petitioner filed a request to proceed in forma pauperis and a First

24   Amended Petition.  On June 28, 2007, the Court dismissed the First Amended Petition for the

25   very same reasons it dismissed the May 11, 2007 Petition.  The Court informed Petitioner that

26   in order to have his case reopened he would have to satisfy the filing fee requirement <u>and</u> file

27   / / /

28   / / /

[Dockets.Justia.com](http://Dockets.Justia.com)

1    a Second Amended Petition that cured the deficiencies outlined in its June 28, 2007 Order.  On

2    July 30, 2007, Petitioner filed a Second Amended Petition along with a request to proceed in

3    forma pauperis.

#### REQUEST TO PROCEED IN FORMA PAUPERIS

5         The request to proceed in forma pauperis is denied because Petitioner has not provided

6    the Court with sufficient information to determine Petitioner's financial status.  A request to

7    proceed in forma pauperis made by a state prisoner must include a certificate from the warden

8    or other appropriate officer showing the amount of money or securities Petitioner has on account

9    in the institution.  Rule 3(a)(2), 28 U.S.C. foll. § 2254; Local Rule 3.2.  Petitioner has failed to

10   provide the Court with the required Prison Certificate.

11        Accordingly, the Court **DENIES** the request to proceed in forma pauperis, and

12   **DISMISSES** the case without prejudice. .

#### FAILURE TO NAME A PROPER RESPONDENT

14        Furthermore, a review of the Second Amended Petition reveals that it suffers from the

15   same pleading deficiencies as the original Petition and the First Amended Petition. Once again,

16   Petitioner has failed to name a proper respondent. On federal habeas, a state prisoner must name

17   the state officer having custody of him as the respondent. Ortiz-Sandoval v. Gomez, 81 F.3d

18   891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). "Typically, that person is the

19   warden of the facility in which the petitioner is incarcerated." Id. Federal courts lack personal

20   jurisdiction when a habeas petition fails to name a proper respondent. See id.

21        The warden is the typical respondent. However, "the rules following section 2254 do not

22   specify the warden." Id. "[T]he 'state officer having custody' may be 'either the warden of the

23   institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal

24   institutions.'" Id. (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note). If "a

25   petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall

26   be the state officer who has official custody of the petitioner (for example, the warden of the

27   prison).'" Id. (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

28   / / /

1    Here, Petitioner has named the "Barstow" and "Barstow Police" as Respondents.  A long

2    standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of] habeas corpus

3    against the State under . . . [whose] authority . . . the petitioner is in custody.  The actual person

4    who is [the] custodian [of the petitioner] must be the respondent."  <u>Ashley v. Washington</u>, 394

5    F.2d 125, 126 (9th Cir. 1968).  This requirement exists because a writ of habeas corpus acts upon

6    the custodian of the state prisoner, the person who will produce "the body" if directed to do so

7    by the Court.  "Both the warden of a California prison and the Director of Corrections for

8    California have the power to produce the prisoner."  <u>Ortiz-Sandoval</u>, 81 F.3d at 895.  In order

9    for this Court to entertain the Petition filed in this action, Petitioner must name the warden in

10   charge of the state correctional facility in which Petitioner is presently confined or the Secretary

11   of the California Department of Corrections and Rehabilitation.  <u>Brittingham v. United States</u>,

12   982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

13   **<u>VENUE</u>**

14   Again, as noted in this Court's previous Orders, it is also unclear from the face of the

15   Petitioner whether the Southern District of California is a proper venue for this action.  A

16   petition for writ of habeas corpus may be filed in the United States District Court of the judicial

17   district in which the petitioner is presently confined or the judicial district in which he was

18   convicted and sentenced.  <u>See</u> 28 U.S.C. § 2241(d); <u>Braden v. 30th Judicial Circuit Court</u>,

19   410 U.S. 484, 497 (1973).  Petitioner here does not indicate the court where he was convicted.

20   Petitioner is presently confined in Victorville, California, located in San Bernardino County,

21   which is within the jurisdictional boundaries of the United States District Court for the Central

22   District of California, Eastern Division.  <u>See</u> 28 U.S.C. § 84(c)(1).  Petitioner has therefore failed

23   to invoke the jurisdiction of this Court.  <u>See</u> 28 U.S.C. § 2241(d).

24   **<u>FAILURE TO STATE A COGNIZABLE FEDERAL CLAIM</u>**

25   Finally, Petitioner has again failed to state a cognizable claim on federal habeas review.

26   Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal

27   habeas corpus claims:

28   The Supreme Court, a Justice thereof, a circuit judge, or a district
     court shall entertain an application for a writ of habeas corpus in

1    behalf of a person in custody pursuant to the judgment of a State
2    court only on the ground that he is in custody in <u>violation of the Constitution or laws or treaties of the United States.</u>

3    28 U.S.C. § 2254(a) (emphasis added).  <u>See</u> <u>Hernandez v. Ylst</u>, 930 F.2d 714, 719 (9th Cir.

4    1991); <u>Mannhalt v. Reed</u>, 847 F.2d 576, 579 (9th Cir. 1988); <u>Kealohapauole v. Shimoda</u>, 800

5    F.2d 1463, 1464-65 (9th Cir. 1986).  Thus, to present a cognizable federal habeas corpus claim

6    under § 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of

7    a State court," <u>and</u> that he is in custody in "violation of the Constitution or laws or treaties of the

8    United States."  <u>See</u> 28 U.S.C. § 2254(a).

9         Here, Petitioner's contentions are incomprehensible.  He merely states that he wants to

10   get off parole.  (Pet. at 6.)  Petitioner does not explicitly claim that he is "in custody in violation

11   of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254.  For example, if

12   Petitioner is contending that federal Constitutional rights have been violated, he must so state

13   in the Petition.

14        In addition, the Court notes that Petitioner may not be able simply to amend his Petition

15   to allege violations of his federal constitutional rights, because he is required to allege

16   exhaustion of state court remedies with respect to any federal claim.  A habeas petitioner must

17   exhaust state judicial remedies before bringing claims via federal habeas.  28 U.S.C. § 2254(b),

18   (c); <u>Granberry v. Greer</u>, 481 U.S. 129, 133-34 (1987).  To exhaust state judicial remedies, a

19   California state prisoner must present the California Supreme Court with a fair opportunity to

20   rule on the merits of every issue raised in his or her federal habeas petition.  28 U.S.C. § 2254(b),

21   (c); <u>Granberry</u>, 481 U.S. at 133-34.  Petitioner must allege, <u>in state court</u>, how one or more of

22   his federal rights have been violated.  The Supreme Court in <u>Duncan v. Henry</u>, 513 U.S. 364

23   (1995) reasoned:  "If state courts are to be given the opportunity to correct alleged violations of

24   prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting

25   claims <u>under the United States Constitution</u>."  <u>Id.</u> at 365-66 (emphasis added).  For example,

26   "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him

27   [or her] the <u>due process of law guaranteed by the Fourteenth Amendment</u>, he [or she] must say

28   so, not only in federal court, but in state court."  <u>Id.</u> at 366 (emphasis added).  The burden of

1   pleading that a state court remedies have been exhausted lies with the petitioner.  Cartwright v.

2   Cupp, 650 F.2d 1103, 1104 (9th Cir.1981).

3          Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death

4   Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ

5   of habeas corpus by a person in custody pursuant to the judgment of a State court.   The

6   limitation period shall run from the latest of:

7                   (A) the date on which the judgment became final by the
                 conclusion of direct review or the expiration of the time for seeking
8                such review;

9                   (B) the date on which the impediment to filing an application
                 created by State action in violation of the Constitution or laws of the
10               United States is removed, if the applicant was prevented from filing
                 by such State action;

11

12                  (C) the date on which the constitutional right asserted was
                 initially recognized by the Supreme Court, if the right has been
                 newly recognized by the Supreme Court and made retroactively
13               applicable to cases on collateral review; or

14                  (D) the date on which the factual predicate of the claim or
                 claims presented could have been discovered through the exercise
15               of due diligence.

16  28 U.S.C.A. § 2244(d)(1)(A)-(D) (West 2006).

17         The statute of limitations does not run while a properly filed state habeas corpus petition

18  is pending.  28 U.S.C. § 2244(d)(2); see Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

19  But see Artuz v. Bennett, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed'

20  when its delivery and acceptance [by the appropriate court officer for placement into the record]

21  are in compliance with the applicable laws and rules governing filings."); Bonner v. Carey, 425

22  F.3d 1145, 1149 (9th Cir.) (holding that a state application for post-conviction relief which is

23  ultimately dismissed as untimely was neither "properly filed" nor "pending" while it was under

24  consideration by the state court, and therefore does not toll the statute of limitations), as

25  amended 439 F.3d 993, cert. denied, 127 S.Ct (2006).  However, absent some other basis for

26  tolling, the statute of limitations does run while a federal habeas petition is pending.  Duncan v.

27  Walker, 533 U.S. 167, 181-82 (2001).

28  / / /

1

## **CONCLUSION**

2          Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a

3    habeas petition "[i]f it plainly appears from the face of the petition and any attached exhibits that

4    the petitioner is not entitled to relief in the district court . . ."  Rule 4, 28 U.S.C. foll. § 2254.

5    Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas

6    relief because Petitioner has failed to name a proper respondent and has failed to state a

7    cognizable federal claim.

8          Based on the foregoing, the Court **DENIES** the request to proceed in forma pauperis and

9    **DISMISSES** this action without prejudice.  To have this case reopened, Petitioner must satisfy

10   the filing fee requirement and file a Third Amended Petition **no later than August 31, 2007** in

11   conformance with this Order.  Petitioner is advised that if he has not corrected the pleading

12   deficiencies outlined in this Order by August 31, 2007, he will have to start over by filing a new

13   Petition in this Court.  For Petitioner's convenience, the Clerk of Court shall attach a blank Third

14   Amended Petition form to this Order.

15          **IT IS SO ORDERED.**

16

17    DATED:  August 6, 2007

18                                                        _____

19                                                        Hon. Roger T. Benitez
                                                          United States District Judge

20

21

22

23

24

25

26

27

28