**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RAYMOND JENKINS,<br><br>                       Petitioner,<br><br>      v.<br><br>BARSTOW,<br><br>                       Respondent. | Civil No.   07cv0871 BEN (PCL)<br><br>**ORDER DISMISSING CASE** |

On May 11, 2007, Petitioner, a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. On June 14, 2007, the Court dismissed the Petition because Petitioner failed to satisfy the filing fee requirement, failed to name a proper respondent and failed to state cognizable claims for relief. The Court informed Petitioner, that in order to have his case reopened, he would have to (1) either pay the filing fee or provide adequate proof of his inability to pay and (2) file a First Amended Petition which cured the pleading deficiencies outlined in its June 14, 2007 Order, no later than July 23, 2007.

On June 20, 2007, Petitioner filed a request to proceed in forma pauperis and a First Amended Petition. On June 28, 2007, the Court dismissed the First Amended Petition for the very same reasons it dismissed the May 11, 2007 Petition. The Court informed Petitioner that in order to have his case reopened he would have to satisfy the filing fee requirement and file

/ / /

/ / /

1  a Second Amended Petition that cured the deficiencies outlined in its June 28, 2007 Order. On
2  July 30, 2007, Petitioner filed a Second Amended Petition along with a request to proceed in
3  forma pauperis. On August 6, 2007, this Court denied Petitioner's request to proceed in forma
4  pauperis and dismissed the Second Amended Petition without prejudice.  The Court advised
5  Petitioner that in order to have his case reopened he would, no later than August 31, 2007, have
6  to satisfy the filing fee requirement and file a Third Amended Petition, curing the pleading
7  deficiencies outlined in its Order.  Petitioner was also advised that if he failed to correct the
8  pleading deficiencies his case would be dismissed without leave to amend and he would have
9  to start over by filing a new Petition in this Court.  On August 8, 2007, Petitioner filed a Third
10 Amended Petition.

### FAILURE TO SATISFY THE FILING FEE REQUIREMENT

Petitioner, has failed to pay the $5.00 filing fee and has failed to move to proceed in forma pauperis.  Because this Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis, the Court **DISMISSES** the case without prejudice. See Rule 3(a), 28 U.S.C. foll. § 2254.

### FAILURE TO NAME A PROPER RESPONDENT

Furthermore, a review of the Second Amended Petition reveals that it suffers from the same pleading deficiencies as the original Petition and the First Amended Petition. Once again, Petitioner has failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having custody of him as the respondent. Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). "Typically, that person is the warden of the facility in which the petitioner is incarcerated." Id. Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. See id.

The warden is the typical respondent. However, "the rules following section 2254 do not specify the warden." Id. "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" Id. (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note). If "a petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall

be the state officer who has official custody of the petitioner (for example, the warden of the prison).'" Id. (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

Here, Petitioner has named no Respondent. A long standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of] habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody. The actual person who is [the] custodian [of the petitioner] must be the respondent." Ashley v. Washington, 394 F.2d 125, 126 (9th Cir. 1968). This requirement exists because a writ of habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the body" if directed to do so by the Court. "Both the warden of a California prison and the Director of Corrections for California have the power to produce the prisoner." Ortiz-Sandoval, 81 F.3d at 895. In order for this Court to entertain the Petition filed in this action, Petitioner must name the warden in charge of the state correctional facility in which Petitioner is presently confined or the Secretary of the California Department of Corrections and Rehabilitation. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

### **VENUE**

Again, as noted in this Court's previous Orders, it is also unclear from the face of the Petitioner whether the Southern District of California is a proper venue for this action. A petition for writ of habeas corpus may be filed in the United States District Court of the judicial district in which the petitioner is presently confined or the judicial district in which he was convicted and sentenced. See 28 U.S.C. § 2241(d); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 497 (1973). Petitioner here does not indicate the court where he was convicted. Petitioner is presently confined in Victorville, California, located in San Bernardino County, which is within the jurisdictional boundaries of the United States District Court for the Central District of California, Eastern Division. See 28 U.S.C. § 84(c)(1). Petitioner has therefore failed to invoke the jurisdiction of this Court. See 28 U.S.C. § 2241(d).

### **FAILURE TO STATE A COGNIZABLE FEDERAL CLAIM**

Finally, Petitioner has again failed to state a cognizable claim on federal habeas review. Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal

habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in <u>violation of the Constitution or laws or treaties of the United States.</u>

28 U.S.C. § 2254(a) (emphasis added).  <u>See</u> <u>Hernandez v. Ylst</u>, 930 F.2d 714, 719 (9th Cir. 1991); <u>Mannhalt v. Reed</u>, 847 F.2d 576, 579 (9th Cir. 1988); <u>Kealohapauole v. Shimoda</u>, 800 F.2d 1463, 1464-65 (9th Cir. 1986).  Thus, to present a cognizable federal habeas corpus claim under § 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of a State court," <u>and</u> that he is in custody in "violation of the Constitution or laws or treaties of the United States."  <u>See</u> 28 U.S.C. § 2254(a).

Here, Petitioner failed to allege any claims whatsoever.  (Pet. at 6-9.)  Petitioner does not claim that he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254.  For example, if Petitioner is contending that federal Constitutional rights have been violated, he must so state in the Petition.

### **CONCLUSION**

Based on the foregoing, the Court **DISMISSES** Petitioner's Third Amended Petition because he has again failed to cure the pleading deficiencies outlined in this Court's three previous Orders.  The Clerk is directed to close this case.  Any further request for relief must be filed as a new case.

**IT IS SO ORDERED.**

DATED: August 20, 2007

_____
Hon. Roger T. Benitez
United States District Judge